# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NELSON CHAMIZO TORRES,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> **vs.** ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Respondent.** ) | **Case No. CIV-07-198-JHP** |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Center in Yazoo City, MS. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-04-33-P, is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. CR-04-33-P. The records reflect Petitioner was named in a one-count Indictment on March 10, 2004, charging him with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 2. On June 1, 2004, Petitioner appeared before a magistrate judge and waived his

right to trial and entered a plea of guilty and was found guilty as charged in Count One of the Indictment.

On January 21, 2005, Petitioner was sentenced to 210 months. Additionally, upon release the court ordered the Petitioner to be placed on supervised release for a term of 48 months. Further, Petitioner was ordered to pay a special assessment of $100.00. The judgment and commitment was filed of record on January 31, 2005.

Following his conviction, Petitioner filed a direct appeal. On April 11, 2006, in an unpublished opinion, the Tenth Circuit Court of Appeals granted counsel leave to withdraw and dismissed Petitioner's appeal. *United States v. Torres*, 176 Fed.Appx. 915 (10th Cir. 2006).

On June 28, 2007, Petitioner initiated this proceeding by filing a Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner asserts he was deprived of his Sixth Amendment right to effective assistance of counsel at his sentencing hearing. To support his claim, Petitioner alleges "counsel should have objected when the Court examined the factors in the context of his offense and background. . . ." and "[c]ounsel should have asked for a downward departure." *See*, Memorandum of Law in Support of Motion, Dkt. 1-2 at p. 4.

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89,

104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. 667, 104 S.Ct. at 2064. Failure to establish either prong of the Strickland standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in Strickland,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective).

3

This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

Although Petitioner argues his counsel was ineffective for failing to seek a downward departure, Petitioner submits no facts which establish he was eligible for or should have received a downward departure. Further, the transcript of the sentencing hearing establishes counsel requested the court to exercise its discretion and not follow the career offender guidelines pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Based upon the contents of the presentence report, however, the court found the career offender enhancement, § 4B1.1 of the United States Sentencing Guidelines, was applicable to Petitioner's case. *See*, Tr. of January 21, 2005, at pp. 9-10. Additionally, the court acknowledged that it was not bound by the sentencing guideline calculations. Petitioner has submitted no facts to establish that the controlled substance convictions relied upon by the court to characterize him as a career offender were not valid convictions or that any of the grounds for departure in § 5K2.0 were applicable in his case. Therefore, this Court finds Petitioner has failed to establish either that counsel's performance fell below an objective standard of reasonableness or that the alleged deficient performance was prejudicial as required by *Strickland*.

Finally, since the motion, files and records in this case establish Petitioner is not entitled to relief, Petitioner's request for an Evidentiary Hearing is denied. *United States v. Galloway*, 56 F.3d 1239, n. 1 (10th Cir. 1995). Accordingly, for the reasons set forth herein, Petitioner's Motion to Vacate and request for an evidentiary hearing are hereby denied.

It is so ordered on this  20th  day of December, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma